November 28, 2016 @ 2:28 PM

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** NPL CONSTRUCTION CO.; and DOES 1 thru
*(AVISO AL DEMANDADO):* 50, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 11 2016

BY _____
JESSICA JOANIS, DEPUTY

***YOU ARE BEING SUED BY PLAINTIFF:*** JOSUE ALFARO, an individual,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** on behalf of himself and
others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF THE STATE OF CALIFORNIA SAN BERNARDINO JUSTICE CENTER 247 WEST THIRD STREET SAN BERNARDINO, CA 92415-0210 | CASE NUMBER: *(Número del Caso):* CIVDS1616353 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ERIC B. KINGSLEY, ESQ., SBN-185123                    TEL: (818) 990-8300  FAX: (818) 990-2903
LIANE KATZENSTEIN LY, ESQ., SBN-259230
KINGSLEY & KINGSLEY, APC
16133 VENTURA BLVD, SUITE 1200, ENCINO, CA 91436

DATE: OCT 11 2016                    Clerk, by **JESSICA JOANIS**                    , Deputy
*(Fecha)*                              *(Secretario)*                                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NPL Construction Co..

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* November 28, 2016

Page 1 of 1

Form Adapted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)
SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ERIC B. KINGSLEY, ESQ., SBN-185123<br>LIANE KATZENSTEIN LY, ESQ., SBN-259230<br>KINGSLEY & KINGSLEY, APC<br>16133 VENTURA BLVD., SUITE 1200<br>ENCINO, CA 91436<br>TELEPHONE NO: (818) 990-8300 FAX NO: (818) 990-2903<br>ATTORNEY FOR *(Name):* JOSUE ALFARO, PLAINTIFF | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>OCT 11 2016<br><br>BY _____<br>JESSICA JOANIS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 WEST THIRD STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN BERNARDINO, CA 92415-0210
BRANCH NAME: SAN BERNARDINO JUSTICE CENTER

CASE NAME: JOSUE ALFARO V. NPL CONSTRUCTION CO.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited [ ] Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVDS1616303<br>JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):*

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2016

Liane Katzenstein Ly                                        Kingsley & Kingsley, APC
_____                  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff (*not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
        Case Matter
    Writ—Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex)*
    Other Civil Complaint
        (*non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

ERIC B. KINGSLEY, Esq. (SBN 185123)
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq., (SBN 259230)
liane@kingsleykingsley.com
KINGSLEY & KINGSLEY, APC
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
(818) 990-8300, Fax (818) 990-2903

WALTER L. HAINES, ESQ. (SBN-71075)
admin@uelglaw.com
UNITED EMPLOYEES LAW GROUP, PC
5550 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel: (562) 256-1047/Fax: (562) 256-1006

Attorneys for Plaintiff and the Proposed Class

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 1 1 2016

BY
JESSICA JOANIS, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JOSUE ALFARO an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>NPL CONSTRUCTION CO.; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO.  CIVDS1616353<br><br>[Case Assigned for All Purposes to Hon., Dept.]<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay Wages and/or Overtime Under Labor Code §§ 510, 1194, and 1199<br>2. Violation of Labor Code § 226(a)<br>3. Penalties Pursuant to Labor Code § 203<br>4. Violation of Business & Professions Code § 17200 |

Plaintiff *JOSUE ALFARO, an individual, on behalf of himself, all others similarly situated,* complains of Defendant NPL CONSTRUCTION CO. ("Defendant") and each of them, as follows:

### I.

### INTRODUCTION

1.     This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiff and a Proposed Class defined as:

All persons who are employed or have been employed by NPL

1

CONSTRUCTION CO., who worked at least one shift as a "laborer" in the State of California since four (4) years prior to the filing of this action to the present. ("Proposed Class")

2.    From at least four (4) years prior to the filing of this action continuing to the present, Defendant has had a consistent policy of failing to pay wages and/or overtime to all Proposed Class Members when they worked as a "laborer" due to the fact that Defendant maintained a common policy of requiring Plaintiff and the Proposed Class Members to work "off the clock." Plaintiff and other Proposed Class Members were not properly compensated for all hours worked at the beginning of their shift and at the end of their shift when working as a "laborer" due to the fact that they were required to report to a central location and perform work before reporting to the jobsite and return to that location and perform work after leaving the job site. This pre-shift work and post-shift work was not compensated. This "off the clock" work also resulted in unpaid overtime.

3.    For at least one (1) year prior to the filing of this action continuing to the present, and as a result of the allegations above, Defendant has failed to provide accurate itemized wage statements to the Proposed Class in pay periods where they worked as a "laborer" in compliance with Labor Code § 226(a). As a result of the allegations above, these wage statements fail to set forth all applicable hourly rates in effect during the pay period and the accurate corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(9).

4.    For at least three (3) years prior to the filing of this action continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed Class.

5.    Plaintiff, on behalf of himself and all Proposed Class Members brings this action pursuant to Labor Code §§ 201, 202, 203, 226(a), 510, 1194, and 1199; Wage Order 16-2001; and California Code of Regulations, Title 8, Section 11160, seeking unpaid wages/overtime, accurate itemized wage statements, other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6.    Plaintiff, on behalf of himself and all Proposed Class Members, pursuant to

Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

8. Upon information and believe, the value of Plaintiff's individual claim is less than $75,000.00 and the value of the claims of the Proposed Class, in the aggregate, are less than $5,000,000.00.

9. This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of SAN BERNARDINO and the State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code § 17200, *et seq.*

10. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California and does business within SAN BERNARDINO County. The unlawful acts alleged herein have a direct effect on Plaintiff and all Proposed Class Members within the State of California and the county of SAN BERNARDINO.

11. This case should be classified as complex according to Rule 3.400 of the California Rules of Court, and assigned to a complex litigation judge and department, as it will involve substantial documentary evidence, a large number of witnesses, and is likely to involve extensive motion practice raising difficult or novel issues that will be time-consuming to resolve and would require substantial post judgment judicial supervision.

///

///

## II.

## PARTIES

### A. PLAINTIFF

12. Plaintiff JOSUE ALFARO is a resident of California.

13. Plaintiff and all Proposed Class Members, were regularly required to:

    a.    Work without being paid for all hours on shifts where they worked as a "laborer"; and

    b.    Work without being provided accurate itemized wage statements in the pay periods where they worked at least one shift as a "laborer."

14. Defendant willfully failed to compensate Plaintiff and all Proposed Class Members for wages at the termination of their employment with Defendant.

### B. DEFENDANTS

15. Defendant NPL CONSTRUCTION CO. is believed to be a Nevada corporation operating within the State of California. Defendant's corporate address is believed to be 2355 W. Utopia Rd., Phoenix, AZ 85027. Upon information and belief, Defendant employed Plaintiff and similarly situated persons as laborers within California. Defendant has done and does business throughout the State of California.

16. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

17. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Proposed Class Members.

## III.

## FACTUAL BACKGROUND

18. Plaintiff and the Proposed Class are, and at all times pertinent hereto, have been classified as non-exempt employees by Defendant. Defendant hires employees who work as laborers who are paid on an hourly basis.

19. Upon information and belief, Plaintiff and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 16-2001 (Title 8 Cal. Code of Regs. § 11160).

20. On a regular and consistent basis, Plaintiff and the Proposed Class Members were not paid for all hours worked on shifts where they worked as a "laborer." Defendant has had a consistent policy of failing to pay wages and/or overtime to all Proposed Class Members when they worked as a "laborer" due to the fact that Defendant maintained a common policy of requiring Plaintiff and the Proposed Class Members to work "off the clock." Plaintiff and other Proposed Class Members were not properly compensated for all hours worked at the beginning of their shift and at the end of their shift when working as a "laborer" due to the fact that they were required to report to a central location and perform work before reporting to the jobsite and return to that location and perform work after leaving the job site. This pre-shift work and post-shift work was not compensated. This "off the clock" work also resulted in unpaid overtime.

21. Defendant has failed to provide accurate itemized wage statements to Plaintiff and the Proposed Class during pay periods where they worked as a "laborer." These wage statements fail to set forth all applicable hourly rates in effect during the pay period and the accurate corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(9), as a result of the allegations above.

22. Defendant willfully failed to pay wages and compensation, when Plaintiff and all Proposed Class Members quit or were discharged. This failure was willful, without legal

justification, and interfered with Plaintiff's and Class Members' rights.

IV.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiff seeks to represent a proposed class composed of and defined as follows:

> All persons who are employed or have been employed by NPL CONSTRUCTION CO., who worked at least one shift as a "laborer" in the State of California since four (4) years prior to the filing of this action to the present. ("Proposed Class")

24. Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

25. This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the Proposed Classes are easily ascertainable.

### A. NUMEROSITY

26. The potential members of the Proposed Class as defined are so numerous that joinder of all the members of the Proposed Class is impracticable. While the precise number of proposed Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed 50 to 99 members of the Proposed Class at any given time.

27. Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Proposed Class Members. Joinder of all members of the Proposed Class is not practicable.

### B. COMMONALITY

28. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual Proposed Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendant failed to pay wages and/or overtime compensation as required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199 on shifts where Plaintiff and the Proposed Class worked as a "laborer";

b. Whether Defendants violated Labor Code § 226(a) by failing to issue accurate and complete itemized wage statements to Plaintiff and the Proposed Class during pay periods where they worked a shift as a "laborer";

c. Whether Defendant violated §§ 201-203 of the Labor Code by failing to pay compensation due and owing at the time that any Proposed Class Member's employment with Defendant terminated;

d. Whether Defendant violated § 17200, *et seq.* of the Business & Professions Code by engaging in the acts previously alleged; and

e. Whether Plaintiff and the members of the Proposed Class are entitled to equitable relief pursuant to Business & Professions Code § 17200, *et seq.*

**C.    TYPICALITY**

29.    The claims of Plaintiff are typical of the claims of the Proposed Class. Plaintiff and all members of the Proposed Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.    ADEQUACY OF REPRESENTATION**

30.    Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represent Plaintiff and the Proposed Class are competent and experienced in litigating large employment class actions.

**E.    SUPERIORITY OF CLASS ACTION**

31.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class. Each member of the Proposed Class has been damaged and is entitled to recovery by reason of Defendant's illegal

policy and/or practice of failing to pay all wages, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

32. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## V.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES AND/OR OVERTIME UNDER LABOR CODE §§ 510, 1194, AND 1199

33. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

34. Labor Code §§ 510, 1194 and 1199 require an employer to compensate its employees for all hours worked at the minimum wage rate and at the rate of no less than one and one-half times the regular rate of pay for any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek.

35. Plaintiff and the Proposed Class were forced to work on a regular and consistent basis without receiving compensation for all hours worked. On a regular and consistent basis, Plaintiff and the Proposed Class Members were not paid for all hours worked on shifts where they worked as a "laborer." Defendant has had a consistent policy of failing to pay wages and/or overtime to all Proposed Class Members when they worked as a "laborer" due to the fact that Defendant maintained a common policy of requiring Plaintiff and the Proposed Class Members to work "off the clock."

36. Plaintiff and other Proposed Class Members were not properly compensated for all hours worked at the beginning of their shift and at the end of their shift when working as a "laborer" due to the fact that they were required to report to a central location and perform work before reporting to the jobsite and return to that location and perform work after leaving the job site. This pre-shift work and post-shift work was not compensated. This "off the clock" work

also resulted in unpaid overtime.

37. On shifts where this "off the clock" work would have resulted in the accrual of overtime, Plaintiff and the Proposed Class were not paid overtime.

38. By their policy of requiring Plaintiff and members of the Proposed Class to work "off the clock," Defendant willfully violated the provisions of Labor Code §§ 510, 1194 and 1199.

39. As a result of the unlawful acts of Defendant, Plaintiff and the Proposed Class Members have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## VI.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(A)

40. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

41. California Labor Code § 226(a) requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked by Plaintiff and the Class.

42. As a result of Defendant's failure to pay wages as described above, Defendant has failed to include the appropriate rates of pay and the accurate hours worked on itemized wage statements for Plaintiff and the Proposed Class in violation of Labor Code § 226(a)(9) during pay periods where they worked at least one shift as a "laborer."

43. IWC Wage Orders 1-2001(7), 1-2000(7), 1-1998(7) require defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendant failed to keep accurate records of the total daily hours worked as described above.

44. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per·employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

## VII.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE § 203

45. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

46. Numerous members of the Proposed Class including the Plaintiff are no longer employed by Defendant. They were either fired or quit Defendant's employ.

47. Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Proposed Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

48. Defendant has failed to pay Plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203, Plaintiff and the Proposed Class are entitled to a penalty in the amount of Plaintiff's and the Proposed Class Members' daily wage multiplied by thirty (30) days.

## VIII.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200

49. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

50. This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of

himself, on behalf of the general public, and on behalf of the Proposed Class, bring this claim pursuant to Business & Professions Code § 17200, *et seq*. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

51.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

52.     Business & Profession Code § 17200, *et seq*. prohibits unlawful and unfair business practices.

53.     California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

54.     Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq*., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

55.     Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq*. of the Business & Professions Code.

56.     Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200, *et seq*. of the Business & Professions Code.

57.     As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

58.     Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the proposed Class the money Defendant has unlawfully failed to pay.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for the following relief:

1.     For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiff and each Proposed Class Member on shifts where they worked as a "laborer" from at least four (4) years prior to the filing of this action to the present as may be proven;

2.     For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for shifts where Plaintiff and the Proposed Class worked as "laborers";

3.     For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

4.     An award of prejudgment and post judgment interest;

5.     An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 201, 202, 203, 226(a), 510, 1194, 1199, and IWC 16-2001;

6.     For restitution for unfair competition pursuant to Business & Professions Code § 17200, *et seq.*, including disgorgement or profits, in an amount as may be proven;

1   7.  An award providing for payment of costs of suit;

2   8.  An award of attorneys' fees; and

3   9.  Such other and further relief as this Court may deem proper and just.

4               **DEMAND FOR JURY TRIAL**

5       Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

6

7   DATED: October 11, 2016          KINGSLEY & KINGSLEY, APC

8                                    By: _____
9                                        Liane Katzenstein Ly
10                                       *Attorneys for Plaintiff JOSUE ALFARO and the*
                                         *Proposed Class*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# Superior Court of California-County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

### What is Alternative Dispute Resolution?

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

### Advantages of ADR

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

### Disadvantages of ADR – ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

## The Most Common Types of ADR: Mediation and Arbitration

### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- Private arbitration by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- Judicial arbitration ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;

- Contact the local bar association, or;

- Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
**Program Director: Lynne Anderson, Executive Director**
**City Center Building**
**Inland Fair Housing & Mediation Board**
**10681 Foothill Boulevard, Suite 101**
**Rancho Cucamonga, CA 91730**
**909-984-2254 or 800-321-0911**
**Fax: 909-460-0274**
*www.inmedbd.com*

**

ERIC B. KINGSLEY, ESQ. (SBN-185123)
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, ESQ., SBN-259230
liane@kingsleykingsley.com
ARI J. STILLER, ESQ., SBN-294676
ari@kingsleykingsley.com
KINGSLEY & KINGSLEY, APC
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
(818) 990-8300, Fax (818) 990-2903

WALTER L. HAINES, ESQ.. (SBN-71075)
admin@uelglaw.com
UNITED EMPLOYEES LAW GROUP, PC
5550 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel: (562) 256-1047/Fax: (562) 256-1006

Attorneys for Plaintiff and the Proposed Class

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 1 2 2016

BY_____
GINA M. DEBIASE, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JOSUE ALFARO, an individual, on behalf of himself and others similarly situated, | CASE NO.: CIVDS1616353 [Assigned for all purposes to Judge Brian S. McCarville, Dept. S30] |
| PLAINTIFF, | NOTICE OF SERVING COURT'S NOTICE OF TRIAL SETTING CONFERENCE AND NOTICE OF CASE ASSIGNMENT |
| v. | |
| NPL CONSTRUCTION CO.; and DOES 1 thru 50, inclusive, | |
| DEFENDANTS. | Date: April 21, 2017 Time: 8:30 a.m. Dept.: S30 |
| | Complaint Filed: October 11, 2016 |

   **PLEASE TAKE NOTICE** that the Court issued a Notice of Trial Setting Conference and Notice of Case Assignment. The above-entitled case is hereby assigned to Judge Brian S. McCarville for all purposes. The above-entitled case is hereby ordered set for Trial Setting Conference on April 21, 2017 at 8:30 a.m. in Department S30 at the above-entitled court located at 247 West Third Street, San Bernardino, CA 92415-0210.

1

NOTICE OF SERVING COURT'S NOTICE OF TRIAL SETTING CONFERENCE AND NOTICE OF CASE ASSIGNMENT

1    Plaintiff was ordered to give notice and hereby serves a copy of the Notice of Trial Setting

2    Conference and Notice of Case Assignment attached hereto as Exhibit 1.

4    DATED: October 12, 2016         KINGSLEY & KINGSLEY, APC

6    By: _____
           ERIC B. KINGSLEY
7           LIANE KATZENSTEIN LY
           Attorneys for Plaintiff and the Proposed Class

EXHIBIT "1"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
--------------------------------------------------------------------
--------------------------------------------------------------------
                                    CASE NO: CIVDS1616353
   KINGSLEY & KINGSLEY
   16133 VENTURA BLVD
   #1200
   ENCINO CA 91436
                          NOTICE OF TRIAL SETTING CONFERENCE
                              and NOTICE OF CASE ASSIGNMENT

IN RE: JOSUE ALFARO -V- NPL CONSTRUCTION CO

THIS CASE HAS BEEN ASSIGNED TO: BRIAN S MCCARVILLE IN DEPARTMENT S30
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 West Third Street
San Bernardino, CA  92415-0210.

       HEARING DATE: 04/21/17 at  8:30 in Dept. S30


DATE: 10/11/16  Nancy Eberhardt, Interim Court Executive Officer
                                        By: JESSICA JOANIS
--------------------------------------------------------------------
--------------------------------------------------------------------
                      CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 10/11/16
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/11/16 at San Bernardino, CA

                      BY: JESSICA JOANIS


EXHIBIT __1__

**(PROOF OF SERVICE)**
**[CCP 1013(a)(3)]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

On October 12, 2016, I served all interested parties in this action the following documents described as <u>**NOTICE OF SERVING COURT'S NOTICE OF TRIAL SETTING CONFERENCE AND NOTICE OF CASE ASSIGNMENT**</u> by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**NPL Construction Co.**
c/o Agent for Service of Process
National Registered Agents, Inc.
818 W. Seventh Street, Suite 930
Los Angeles, CA 90017

WALTER L. HAINES
**UNITED EMPLOYEES LAW GROUP, PC**
5550 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649

[XX]   (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]   (BY EMAIL) A pdf copy of which was sent via email to the above email address.

[XX] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 12, 2016, at Encino, California.

_____
Michelle A. Tanzer