UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0294 FMO (KKx) | Date | March 7, 2017 |
|---|---|---|---|
| Title | Josue Alfaro v. NPL Construction Co. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**      (In Chambers) Order to Show Cause Re: Remand

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2).  "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."  United Steel, et al. v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010).  Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2).

Having reviewed the NOR, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate.  See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation.").  The NOR also appears to suffer from a procedural defect in that it appears that the removal was untimely.  See 28 U.S.C. § 1446.  Accordingly, IT IS ORDERED THAT:

1.  No later than **March 14, 2017,** defendant shall show cause in writing why this action should not be remanded for the reasons noted above.  This deadline shall not extend the time for responding to any motion for remand filed by plaintiffs.  **Failure to show cause by the deadline set forth above shall be deemed as consent to the remand of the action to state court.**

2.  Plaintiff shall file a Reply to defendant's Response no later than **March 21, 2017.**

3.  If plaintiff wishes to file a motion for remand, he must do so no later than **March 20, 2017**.  See 28 U.S.C. § 1447(c).

|  | Initials of Preparer | vdr |
|---|---|---|